UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN J. PALADINO,<br><br>Petitioner,<br><br>v.<br><br>WILLIE BONDS, et al.,<br><br>Respondents. | Civil Action No. 18-3199 (MCA)<br><br>OPINION |

## I. INTRODUCTION

This matter has been opened to the Court by Petitioner's filing of a petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254, and an application to proceed *in forma pauperis* ("IFP application"). The Court will grant Petitioner's IFP application and screen the Petition for dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons stated below, the Court will dismiss Grounds Two and Four of the Petition with prejudice because the claims asserted are not cognizable in habeas proceedings. The Court will dismiss Ground Five of the Petition without prejudice to Petitioner's filing of a § 1983 action. The Court will dismiss the remaining claims without prejudice as untimely and provide Petitioner with 45 days to provide a basis for equitable tolling.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Court recounts only the facts necessary to this Opinion. The following facts regarding Petitioner's conviction and state court proceedings are taken from the Appellate

1

Division Opinion affirming the denial of Petitioner's first petition for postconviction relief ("first PCR"):

> On May 3, 2001, a Bergen County Grand Jury indicted defendant on charges of first degree murder, N.J.S.A. 2C:11-3a(1)(2); fourth degree credit card theft, N.J.S.A. 2C:21-6c; third degree fraudulent use of credit cards, N.J.S.A. 2C:21-6h; third degree hindering apprehension or prosecution, N.J.S.A. 2C:29-3; and third degree possession of a weapon for unlawful purposes, N.J.S.A . 2C:39-4d.
>
> The charges arose out of the stabbing death of defendant's roommate, Nicholas Frega, and defendant's use three days later of a credit card owned by a different victim. After killing Frega by stabbing him in the back of his neck near the base of his skull, defendant and a co-defendant dumped Frega's body into the Passaic River, disposed of the murder weapon, and disposed of other evidence. When arrested, defendant confessed to killing Frega and told police where he disposed of the evidence.
>
> On April 13, 2004, defendant entered an unconditional guilty plea to all counts of the indictment except the count involving the co-defendant. In return for the plea and defendant's agreement to testify truthfully against the co-defendant, the State recommended a maximum sentence of thirty years without parole, the sentence on each count of the indictment to run concurrently. Following a plea colloquy, the trial court found defendant had pled guilty freely, voluntarily, and without any duress or coercion. The trial court also found that defendant understood the nature and consequences of the plea. Finally, the trial court found that despite long-term medical treatment, defendant was "lucid, cognitive of the surroundings, and was fully aware of the words being spoken today." The trial court commented that defendant was pleasant and articulate when he spoke. When asked by the court if he was satisfied with his attorney, defendant responded that his attorney had been excellent.
>
> On May 27, 2004, the trial court sentenced defendant. After appropriate merger of charges, the court sentenced defendant to the term recommended by the State, namely, thirty years imprisonment without parole for first degree murder. The court sentenced defendant to concurrent terms of four years imprisonment on the remaining charges of hindering apprehension and fraudulent use of a credit card.
>
> Defendant filed an untimely notice of appeal on September 20, 2006. He also filed a motion to file the appeal as within time. On December 18, 2006, the motion was denied without prejudice

2

> because defendant had not certified he had advised his pool
> attorney about his desire to appeal. Defendant did not re-file the
> appeal, but instead filed a PCR petition on December 10, 2007.
>
> Defendant alleged his trial counsel was ineffective and the
> trial court erred in denying his pre-trial motions. PCR counsel was
> assigned and submitted a supplemental brief. Defendant asserted in
> the supplemental brief that his guilty plea was not voluntary and
> that his trial counsel was ineffective because counsel pressured
> defendant into accepting a plea agreement, did not share or
> meaningfully discuss discovery with defendant, did not investigate
> information that may have led to development of defenses or
> mitigating factors at sentencing, and did not explore with
> defendant the option of proceeding to trial.
>
> On June 5, 2009, after oral argument on defendant's
> petition, the PCR judge found that defendant's plea was voluntary,
> knowing, and intelligent. The PCR judge noted that defense
> counsel had pursued a psychiatric defense and obtained at least one
> expert who issued a report. Additionally, the PCR judge noted that
> defense counsel filed numerous motions to suppress physical and
> testimonial evidence. Finally, the PCR judge found that even if
> defense counsel's performance was ineffective, it would not have
> changed the outcome due to the overwhelming evidence, including
> defendant's confession. Consequently, the PCR judge denied the
> PCR petition in an order dated June 5, 2009. On November 5,
> 2009, defendant filed this appeal.

*State v. Paladino*, No. A-1282-09T4, 2010 WL 5109940, at *1 (N.J. Super. Ct. App. Div. Dec. 16, 2010). On December 16, 2010, the Appellate Division affirmed the denial of the first PCR. *Id.* at 6. The Supreme Court of New Jersey denied certification on May 12, 2011. *State v. Paladino*, 206 N.J. 65 (2011).

In 2012, Petitioner obtained new documents describing the murder victim's background.[1] (ECF No. 1, Pet. at 12, App. Div. decision dated Dec. 9, 2016, at 2.) On April 14, 2014, Petitioner filed his second petition for postconviction relief ("second PCR"), alleging that his trial attorney was ineffective for failing to file an appeal as directed, properly evaluate the plea

---

[1] Petitioner has attached to his Petition a copy of the Appellate Division's decision affirming the denial of his second PCR as untimely. (*See* ECF No. 1, at 11-16.)

3

offer, interview witnesses, and disclose discovery. He further alleged that his first PCR attorney was ineffective for failing to order transcripts, investigate or raise issues as directed, properly communicate, and disclose discovery. The trial court denied the petition as untimely and alternately denied it on the merits. (*Id.* at 13, App. Div. decision at 2-3.) Petitioner appealed, and, on December 9, 2016, the Appellate Division affirmed the denial of Petitioner's second PCR as untimely and declined to reach the merits. (*Id.* at 15, App. Div. decision at 6.). Petitioner appealed and the Supreme Court of New Jersey denied certification on June 27, 2017. *State v. Paladino*, 230 N.J. 505 (2017).

Petitioner submitted the instant Petition for filing on February 28, 2018. The Petition raises five claims for relief, and Petitioner has been notified that he must include all claims in his one all-inclusive Petition. (ECF No. 1, Pet. at 17-25, 30.) This is not Petitioner's first habeas petition, as he filed a request for an extension of time to file a habeas petition, which was docketed on February 27, 2012; he subsequently submitted a habeas petition dated April 20, 2012. (*See* Civil Action No. 12-1211, ECF Nos. 1, 9.). On April 8, 2013, the Court dismissed Petitioner's ineffective assistance of PCR counsel claim, and issued an Order to Show Cause directing Petitioner to show cause as to why the remaining claims should not be dismissed as untimely. (Civ. Act. No. 12-1211, ECF No. 11.) Petitioner requested to withdraw the Petition on April 29, 2013, and the Court granted that request on May 10, 2013. (Civ. Act. No. 12-1211, ECF Nos. 14-15.)

### III.    STANDARD FOR SUA SPONTE DISMISSAL

This Petition is subject to screening under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Habeas Rule 4 requires the district judge to review a

petition upon filing and to *sua sponte* dismiss it without ordering a responsive pleading under certain circumstances:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner . . . .

28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b). Put simply, under Habeas Corpus Rule 4, if 'it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court,' the court must summarily dismiss the petition without ordering a responsive pleading." *Breazeale v. Shultz*, No. 09-2118(NLH), 2009 WL 1438236, at *2 (D.N.J. May 19, 2009) (citing *Mayle v. Felix*, 545 U.S. 644, 655 (2005)); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). As explained below, the claims in the instant Petition are subject to dismissal because they are not cognizable in habeas and/or because they are untimely.

IV. **ANALYSIS**

a. **Grounds Two, Four, and Five are not Cognizable in Habeas Proceedings**

Several of the grounds for relief alleged in the current petition are <u>not cognizable</u> as independent claims in a habeas proceeding. The Court address these claims below.

Grounds Two and Four of the Petition allege, respectively, ineffective assistance of first PCR counsel and ineffective assistance of second PCR counsel. There is, however, no federal constitutional right to counsel in PCR proceedings, *Coleman v. Thompson*, 501 U.S. 722, 752 (1991), and federal law prohibits ineffective assistance of PCR counsel claims in a federal habeas petition, *see* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a

5

proceeding arising under section 2254."); *but see Martinez v. Ryan*, 132 S.Ct. 1309, 1315 (2012) (holding that a prisoner may establish cause for the procedural default of an ineffective assistance of trial counsel claim by demonstrating that his or her counsel in an "initial-review collateral proceeding" provided ineffective assistance of counsel, thus creating a narrow exception to the rule set forth in *Coleman*, 501 U.S. at 753-54, that an attorney's errors in a post-conviction collateral proceeding do not constitute cause to excuse a procedural default).[2] The Court will dismiss Grounds Two and Four <u>with prejudice</u> because they are not cognizable as independent grounds for habeas relief.

Ground Five of the Petition alleges that the New Jersey Department of Corrections ("NJDOC") "legal access program" is constitutionally inadequate, which has caused Petitioner to "lose his opportunity to present issues at the state court level to challenge [his] wrongful conviction procedurally defaulting my right to direct appeal of erroneous evidentiary rulings." (ECF No. 1, Pet. at 24.) Petitioner further contends that he has "was prejudiced and unable to protect and/or invoke due process rights at [his] first state court [PCR], which allegedly compounded the ineffectiveness of his trial counsel. (*Id.*) Finally, Petitioner alleges that he was prejudiced due to the refusal of New Jersey State Prison staff to allow legal phone calls, access to the law library, reference materials, court rules, and copying of legal papers, which allegedly compounded the ineffectiveness of his PCR counsel. (*Id.*)

---

[2] The exception in *Martinez* is narrow and does not excuse the procedural default of an ineffective assistance of direct appeal counsel claim where postconviction relief counsel fails to raise that claim. *See Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017) ("Petitioner asks us to extend *Martinez* to allow a federal court to hear a substantial, but procedurally defaulted, claim of ineffective assistance of appellate counsel when a prisoner's state postconviction counsel provides ineffective assistance by failing to raise that claim. We decline to do so.").

Here, the Court need not decide whether Plaintiff has stated an access to the courts claim, as Plaintiff is seeking <u>habeas relief</u> in the present action and appears to acknowledge that this type of claim is properly brought as a civil rights complaint pursuant to 42 U.S.C. § 1983.[3] Because Petitioner cannot pursue an access to the courts claim in a habeas proceeding, the Court will dismiss Ground Five <u>without prejudice</u> to his filing of <u>a new civil action</u> under 42 U.S.C. § 1983 to the extent he can provide facts stating a § 1983 claim for denial of access to the courts. Furthermore, although Petitioner may not bring an access to the courts claim as a separate ground for habeas relief, he is free to argue that the lack of law library access, legal help, and legal materials entitles him to equitable tolling for specific portions of the habeas limitations period, which the Court discusses in the timeliness section below.

### b. The Claims in the Petition are Also Untimely

In addition to the deficiencies noted above, the claims in the Petition also appear untimely. Under the Antiterrorism Effective Death Penalty Act of 1996 ("AEDPA"), Congress prescribed a one-year period of limitation for the filing of federal habeas corpus petitions by state

---

[3] Prisoners must be allowed "adequate, effective and meaningful" access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 822 (1977) (holding that prisons must give convicted inmates access to law libraries or direct legal assistance). In *Bounds v. Smith*, 430 U.S. 817, 828 (1977), the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." With respect to convicted prisoners, "[t]he tools [that *Bounds*] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Lewis v. Casey*, 518 U.S. 343, 355 (1996). As explained by the Third Circuit, "Prisoners must be afforded the availability of either 'adequate law libraries or adequate assistance from persons trained in the law,'" *Mitchell v. Wydra*, 377 F. App'x 143, 144–45 (3d Cir. 2010) (citing *Bounds v. Smith*, 430 U.S. 817, 828 (1977), in order to exercise their right of court access. "Prison authorities need not provide both of these, but must provide one or the other...." *Id.* (citing *DeMallory v. Cullen*, 855 F.2d 442, 446 (7th Cir. 1988)).

prisoners. *See Douglas v. Horn*, 359 F.3d 257, 261 (2004); 28 U.S.C. § 2241(d)(1). Pursuant to 28 U.S.C. § 2241(d)(1), [t]he limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

"[T]he statute of limitations set out in § 2244(d)(1) should be applied on a claim-by-claim basis." *Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004).

Under 28 U.S.C. 2241(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." This exception to the one-year limitation period is known as statutory tolling and provides that the one-year limitations period is tolled during the time a properly filed application for post-conviction relief is pending. *See Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003). To fall within the AEDPA tolling provision, the petition for state post-conviction review must have been both pending and "properly filed." *Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir.), *cert. denied, Horn v. Fahy*, 534 U.S. 944 (2001).[4]

---

[4] An application for post-conviction relief is considered "pending" within the meaning of § 2244(d)(2) during the period between a lower state court's ruling and the period a petitioner has to seek review of the decision, whether or not the appeal was actually sought. *Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir. 2000). However, "the time during which a state prisoner may file a

8

In addition to statutory tolling, the Court must also consider equitable tolling. *See Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84–85 (3d Cir.2013). Equitable tolling "is a remedy which should be invoked 'only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). A prisoner "is 'entitled to equitable tolling' only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Excusable neglect is insufficient to warrant equitable tolling. *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013).

Here, Petitioner's Judgment of Conviction was entered on May 27, 2004. Petitioner did not perfect his notice of appeal, and his appeal was dismissed without prejudice on December 18, 2006. Even if the Court were to give Petitioner the benefit of the time during which his appeal was pending, more than eleven months of the one-year limitations period elapsed before Petitioner filed his first PCR on December 10, 2007.[5] Assuming Petitioner would be entitled to statutory tolling for the time his first PCR was pending, Petitioner's limitation period began to run again on May 13, 2011, the day after the Supreme Court of New Jersey denied certification on his first PCR.

---

petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one-year state of limitations under 28 U.S.C. § 2244(d)(2)." *Stokes v. D.A. of the County of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001).

[5] The Appellate Division did not accept Petitioner's appeal as within time; if the Court were to discount the time during which Petitioner's appeal was pending, Petitioner's conviction became final on July 12, 2004, 45 days after his Judgment of Conviction was entered on May 27, 2004, and the entire limitations period ran before Petitioner filed his first PCR on December 10, 2007.

The limitations period continued to run for nearly three years.[6] Petitioner then filed his second PCR on April 14, 2014. The PCR rejected the second PCR as untimely, and the Appellate Division affirmed the trial Court's dismissal of the second PCR as untimely and declined to reach the merits.[7] (ECF No. 1, App. Div. Dec. 9, 2016 decision at 5.) The Supreme Court of New Jersey denied certification on June 27, 2017. *State v. Paladino*, 230 N.J. 505 (2017). Petitioner is not entitled to statutory tolling for the period the second PCR was pending because the Appellate Division found the second PCR untimely. *See* 28 U.S.C. § 2244(d)(2). As explained by the Third Circuit in *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85–86 (3d Cir. 2013),

> if a state court determines that an application is untimely, "'that [is] the end of the matter' for purposes of" statutory tolling of AEDPA's limitation period, *id.* at 414 (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)), "regardless of whether [the state court] also addressed the merits of the claim, or whether [the state court's] timeliness ruling was 'entangled' with the merits[,]" *Carey*, 536 U.S. at 226.

It is well established that a petition for state post-conviction relief that <u>was rejected by the state courts as untimely</u> is not "properly filed" under § 2244(d)(2). *See Pace v. DiGuglielmo*, 544

---

[6] The Court notes that Petitioner's first habeas was pending for part of this time period, but was ultimately withdrawn.

[7] Citing to N.J. Ct. Rule 3:22-12(a)(2), which governs second or subsequent petitions for postconviction relief, the Appellate Division "agree[d] with the trial court that defendant's second petition was untimely and that defendant failed to establish excusable neglect for the late filing."[7] (*Id.*, App. Div. decision dated Dec. 9, 2016, at 5.) In finding Petitioner's second PCR untimely, the Court explained as follows:

> Defendant's petition does not satisfy these conditions because he is not relying on a new constitutional rule and he discovered the factual predicate for his petition well more than one year before he filed it. Because defendant's petition was untimely, we need not address his substantive claims.

(ECF No. 1, App. Div. Dec. 9, 2016 decision at 5.)

U.S. 408, 414 (2005) ("When a postconviction relief petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)") (internal quotation marks and citation omitted); *see also Allen v. Siebert*, 552 U.S. 3 (2007).

The fact that Petitioner allegedly discovered the factual predicate for at least one of his claims in 2012, thus delaying the accrual of that claim, *see* 28 U.S.C. § 2241(d)(1)(D), does not change the Court's analysis. Petitioner is not entitled to statutory tolling for that claim because it was raised in Petitioner's second PCR, which the Appellate Division rejected as untimely.

For the reasons explained herein, the claims in the Petition appear untimely. Petitioner has not provided sufficient facts from which the Court could find that he is entitled to equitable tolling. In the timeliness section of the Petition, Petitioner incorrectly states that his Judgment of Conviction became final on June 27, 2017, the date on which the Supreme Court of New Jersey denied certification on his second PCR. He also alleges generally in his grounds for relief that his attorney abandoned him on direct appeal, that his PCR attorneys were also ineffective, that the NJDOC interfered with his access to the courts during his state court proceedings, and that he was on anti-psychotic medications during unspecified time periods and couldn't understand court procedures. These generalized allegations are insufficient to provide a basis for equitable tolling, which requires a showing that Petitioner was pursuing his rights diligently throughout his state court proceedings and some extraordinary circumstance(s) stood in his way. The Court, however, will dismiss Grounds One and Three of the Petition <u>without prejudice</u> and provide Petitioner with 45 days to provide facts, documentation, and arguments in support of equitable tolling. If Petitioner chooses to provide facts and evidence in support of equitable tolling, he must address all relevant gaps discussed in this Opinion. If Petitioner fails to respond to the Court's Order within the time period provided, the Court will dismiss this matter with prejudice.

## V. **CONCLUSION**

For the reasons stated in this Opinion, the Court will dismiss Grounds Two and Four of the Petition <u>with prejudice</u> because the claims asserted are not cognizable in habeas proceedings. The Court will dismiss Ground Five of the Petition without prejudice to Petitioner's filing of a § 1983 claim for denial of access to the courts. The Court will dismiss Grounds One and Three of the Petition <u>without prejudice</u> as untimely and provide Petitioner with 45 days to provide a basis for equitable tolling. An appropriate Order follows.

*/s/*
Madeline Cox Arleo, U.S.D.J.