# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN J. PALADINO,<br><br>Petitioner,<br><br>v.<br><br>WILLIE BONDS, et al.,<br><br>Respondents. | Civil Action No. 18-3199 (MCA)<br><br><br>MEMORANDUM OPINION |

This matter has been opened to the Court by Petitioner's filing of a Motion for equitable tolling, appointment of counsel, and limited discovery. For the reasons explained in this Memorandum Opinion, The Court will deny the motion <u>without prejudice</u> and will direct Respondents to file a <u>full answer</u> to Grounds One and Three of the Petition and raise any appropriate defenses, including timeliness and exhaustion.

Court recounts only the facts necessary to this Memorandum Opinion. Petitioner submitted the instant Petition for filing on February 28, 2018. The Petition raises five claims for relief, and Petitioner has been notified that he must include all claims in his one all-inclusive Petition. (ECF No. 1, Pet. at 17-25, 30.) In its prior Opinion, the Court screened the petition for dismissal and dismissed Grounds Two and Four of the Petition <u>with prejudice</u> because the claims asserted (ineffective assistance of PCR counsel) are not cognizable in habeas proceedings. (ECF Nos. 2-3.) The Court also dismissed Ground Five of the Petition without prejudice to Petitioner's filing of a § 1983 action. (*Id.*) Because the remaining claims appear untimely and Petitioner had not sufficiently alleged a basis for equitable tolling, which requires a showing that Petitioner was pursuing his rights diligently throughout his state court proceedings and some

1

extraordinary circumstance(s) stood in his way, the Court dismissed Grounds One and Three of the Petition <u>without prejudice</u> and provided Petitioner with 45 days to provide a basis for equitable tolling. (*Id.*)

After requesting and receiving an extension of time, Petitioner submitted a motion asking the Court to find that he is entitled to equitable tolling; the motion also seeks the appointment of counsel and limited discovery to permit Petitioner to show that he is entitled to equitable tolling. (ECF No. 7). Petitioner's supporting brief states that equitable tolling is warranted due to Petitioner's history of overmedication with antipsychotic medication and other significant health problems, errors by his appointed counsel, and restrictive prison conditions, including lack of access to legal assistance.[1] (*See* ECF No. 7.)

As summarized by the Supreme Court, "[g]enerally, a litigant seeking equitable tolling [of the AEDPA's one-year statute of limitations] bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 89 (3d Cir.2013); *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011); *Ross v. Varano*, 712 F.3d 784, 798–99 (3d Cir. 2013).

---

[1] Among his exhibits, Petitioner has provided a Memorandum from Flora DeFilippo dated March 16, 2015, which states that Petitioner had a diagnosis of schizoaffective disorder from June 14, 2000 until January 26, 2010 until it was removed because (1) Petitioner's behavior was better explained by his malingering psychotic symptoms, (2) because numerous "psych meds provided minimal, if any change", and (3) because Petitioner engaged in "med seeking behavior in active diagnosis of polysubstance dependence." Dr. DeFilippo further stated that "we do not see any symptoms indicative of a psychotic disorder, and thus, the diagnosis was "ruled out." (ECF No. 7-1.)

At this time, the Court will reserve judgment on the issue of equitable tolling and direct Respondents to file a full answer to Grounds One and Three of the Petition. To the extent Respondents also assert that the petition is untimely in their answer, they shall address Petitioner's arguments in support of equitable tolling.[2] Upon receipt of Respondents' answer, Petitioner may submit a reply brief.

Petitioner also seeks appointment of counsel and limited discovery. There is no Sixth Amendment right to appointment of counsel in habeas proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997) (noting no statutory or constitutional right of counsel conferred upon indigent civil litigants); *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991) ("There is no 'automatic' constitutional right to counsel in federal habeas corpus proceedings."), *superseded on other grounds by statute*, 28 U.S.C. § 2254(d). In determining whether the interests of justice require appointment of counsel, the Court considers whether the petitioner has presented a meritorious claim. *See Biggins v. Snyder*, Civ. No. 99-188, 2001 WL 125337, at *3 (D. Del. Feb. 8, 2001) (citing *Reese v. Fulcomer*, 946 F.2d 247, 263-64) (3d Cir. 1991) (other citations omitted)). Next, the Court must determine whether the appointment of counsel will benefit both the petitioner and the Court by examining the legal complexity of the case and the petitioner's ability to present his claims and investigate facts. *See Biggins*, 2001 WL 125337, at *3 (citing *Reese*, 946 F.2d at 264; *Parham*, 126 F.3d at 457-58; *Tabron v. Grace*, 6 F.3d 147, 155-56 (3d Cir. 1993)) (other

---

[2] To be clear, Respondents must file a full answer addressing the merits of Grounds One and Three of the Petition and provide the relevant record, and may not move to dismiss the petition as untimely. In the full answer, Respondents may, however, assert that the Petition is untimely, that Petitioner is not entitled to equitable tolling, and/or any other relevant defenses.

3

citations omitted). "Where these issues are straightforward and capable of resolution on the record, or when the petitioner has a good understanding of the issues and the ability to present forcefully and coherently his contentions, the court would not abuse its discretion in declining to appoint counsel." *Biggins*, 2001 WL 125337, at *3 (citations and internal quotation marks omitted).

The Court will deny <u>without prejudice</u> Petitioner's requests for counsel and limited discovery as premature, as it is not clear that an evidentiary hearing will be required or that the issue of equitable tolling is not capable of resolution on the record provided.[3] An appropriate Order follows.

Madeline Cox Arleo, U.S.D.J.

---

[3] It appears that Petitioner seeks limited discovery and appointment of counsel because New Jersey Department of Corrections allegedly withholds all psychiatric records as a matter of policy, and will not provide them to inmates without a court order. Petitioner also appears to believe that an evidentiary hearing is required to resolve the issue of equitable tolling. To the extent the issue of equitable tolling cannot be resolved without a hearing and/or requires discovery that is not provided by Respondents in their answer, the Court will *sua sponte* order Respondents to provide the records needed to resolve the issue of equitable tolling and/or appoint counsel.

4