UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN J. PALADINO, | Civil Action No. 18-3199 (MCA) |
| Petitioner, | |
| v. | |
| WILLIE BONDS, et al., | MEMORANDUM OPINION & ORDER |
| Respondents. | |

This matter has been opened to the Court by Petitioner's filing of a motion for an evidentiary hearing and for appointment of counsel. (*See* ECF No. 18.) For the reasons explained below, the Court denies the motion without prejudice at this time and directs Petitioner to file his traverse within 60 days of the date of this Memorandum and Order.

The Court recounts only the facts necessary to resolve the motion. Petitioner submitted his Petition for filing on February 28, 2018. (ECF No. 1.) By Opinion and Order dated June 15, 2018, the Court screened the petition for dismissal and dismissed Grounds Two and Four of the Petition <u>with prejudice</u> because the claims asserted (ineffective assistance of PCR counsel) are not cognizable in habeas proceedings. (ECF Nos. 2-3.) The Court also dismissed Ground Five of the Petition without prejudice to Petitioner's filing of a § 1983 action. (*Id.*)

The Court then addressed Ground One and Three and found them untimely. *Id.* As the Court explained, Petitioner's Judgment of Conviction was entered on May 27, 2004, and, although Petitioner filed an appeal, he did not perfect his notice of appeal, which was dismissed without prejudice on December 18, 2006. *See id.* Thus, even if the Court gave Petitioner the benefit of the time during which his appeal was pending, more than eleven months of the one-

1

year limitations period elapsed before Petitioner filed his first PCR on December 10, 2007.[1] (*Id.*) The Court then assumed that Petitioner would be entitled to statutory tolling for the time his first PCR was pending. *Id.* The Court found that the limitation period began to run again on May 13, 2011, the day after the Supreme Court of New Jersey denied certification on his first PCR and continued to run for nearly three years[2] until Petitioner filed his second PCR on April 14, 2014. (*See id.*) The PCR Court subsequently rejected the second PCR as untimely, and the Appellate Division affirmed the trial Court's dismissal of the second PCR as untimely and declined to reach the merits. (*See* ECF No. 1, App. Div. Dec. 9, 2016 decision at 5.) The Supreme Court of New Jersey denied certification on June 27, 2017. *State v. Paladino*, 230 N.J. 505 (2017).

As explained in the Court's prior Opinion, Petitioner is not entitled to statutory tolling for the period the second PCR was pending because the Appellate Division found the second PCR untimely.[3] *See* 28 U.S.C. § 2244(d)(2). It is well established that a petition for state post-conviction relief that <u>was rejected by the state courts as untimely</u> is not "properly filed" under § 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction relief petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)") (internal quotation marks and citation omitted); *see also Allen v. Siebert*, 552 U.S. 3 (2007).

---

[1] The Appellate Division did not accept Petitioner's appeal as within time; if the Court were to discount the time during which Petitioner's appeal was pending, Petitioner's conviction became final on July 12, 2004, 45 days after his Judgment of Conviction was entered on May 27, 2004, and the entire limitations period ran before Petitioner filed his first PCR on December 10, 2007.

[2] The Court notes that Petitioner filed a federal habeas that was pending for part of this time period, but it was ultimately withdrawn.

[3] The fact that Petitioner allegedly discovered the factual predicate for at least one of his claims in 2012, thus delaying the accrual of that claim, *see* 28 U.S.C. § 2241(d)(1)(D), does not change the Court's analysis. Petitioner is not entitled to statutory tolling for that claim because it was raised in Petitioner's second PCR, which the Appellate Division rejected as untimely.

Because Grounds One and Three were untimely, and because Petitioner had not sufficiently alleged a basis for equitable tolling, which requires a showing that Petitioner was pursuing his rights diligently throughout his state court proceedings and some extraordinary circumstance(s) stood in his way, the Court dismissed Grounds One and Three of the Petition <u>without prejudice</u> and provided Petitioner with 45 days to provide a basis for equitable tolling. (*Id.*)  The Court explained that "[i]f Petitioner chooses to provide facts and evidence in support of equitable tolling, he must address <u>all relevant gaps</u> discussed in this Opinion." (*Id.* at 11 (emphasis added).)

On September 25, 2019, Petitioner submitted a motion asking the Court to find that he is entitled to equitable tolling and seeking the appointment of counsel and limited discovery to permit Petitioner to show that he is entitled to equitable tolling. (ECF No. 7).  Petitioner's supporting brief asserted that equitable tolling is warranted due to Petitioner's history of overmedication with antipsychotic medication and other significant health problems, errors by his appointed counsel, and restrictive prison conditions, including lack of access to legal assistance.[4]  (*See id.*)

As summarized by the Supreme Court, "[g]enerally, a litigant seeking equitable tolling [of the AEDPA's one-year statute of limitations] bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

---

[4] Among his exhibits, Petitioner has provided a Memorandum from Flora DeFilippo dated March 16, 2015, which states that Petitioner had a diagnosis of schizoaffective disorder from June 14, 2000 until January 26, 2010 until it was removed because (1) Petitioner's behavior was better explained by his malingering psychotic symptoms, (2) because numerous "psych meds provided minimal, if any change", and (3) because Petitioner engaged in "med seeking behavior in active diagnosis of polysubstance dependence."  Dr. DeFilippo further stated that "we do not see any symptoms indicative of a psychotic disorder, and thus, the diagnosis was "ruled out." (ECF No. 7-1.)

stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 89 (3d Cir.2013); *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011); *Ross v. Varano*, 712 F.3d 784, 798–99 (3d Cir. 2013). In light of Petitioner's arguments and his pro se status, however, the Court reserved judgment and directed Respondents to file a full answer to Grounds One and Three of the Petition and directed Respondents to address Petitioner's arguments in support of equitable tolling to the extent they asserted that the petition is untimely. (*See* ECF No. 2.) The Court also directed Petitioner to submit a reply brief once he received Respondents' Answer addressing equitable tolling and the merits of Grounds One and Three. *See id.*

The Court also denied without prejudice Petitioner's requests for appointment of counsel and limited discovery, noting that there is no Sixth Amendment right to appointment of counsel in habeas proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997) (noting no statutory or constitutional right of counsel conferred upon indigent civil litigants); *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991) ("There is no 'automatic' constitutional right to counsel in federal habeas corpus proceedings."), *superseded on other grounds by statute*, 28 U.S.C. § 2254(d). After reviewing the factors set out in *Tabron v. Grace*, 6 F.3d 147, 155-56 (3d Cir. 1993), the Court found the requests for counsel and discovery premature, as it was not clear that an evidentiary hearing would be required or that the issue of equitable tolling would not be capable of resolution on the record provided. (*See* ECF No. 10.) The Court also noted that Petitioner sought discovery and appointment of counsel because the New Jersey Department of Corrections allegedly withholds all psychiatric records as a matter of policy and will not provide them to inmates without a court

order, and explained that the Court could *sua sponte* appoint counsel for a hearing and/or direct Respondents to provide records if needed to resolve the issue of equitable tolling. *See id.*

On May 28, 2019, Respondents filed their full Answer. (*See* ECF No. 13.) Petitioner requested several extensions of time within which to file his traverse, which were granted by the Court. (ECF Nos. 14-17.) On December 4, 2019, however, Plaintiff filed the instant motion in lieu of filing a traverse. (*See* ECF No. 18.)

In light of the procedural history of this case, the Court will deny the motion without prejudice because Petitioner has filed the instant motion for an evidentiary hearing and appointment of counsel in lieu of filing his traverse and has not provided sufficient facts showing that he is entitled to equitable tolling during the periods as explained above and as outlined in the Court's prior Opinion. In this regard, Petitioner repeats his earlier arguments for discovery and appears to assert that Respondents have not met their burden on the issue of equitable tolling. It is Petitioner, however, who must ultimately establish his entitlement to equitable tolling and "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418 (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)). The facts regarding Petitioner's diligence and any extraordinary circumstances are within Petitioner's knowledge, and he must provide all facts within his knowledge to the Court so the Court may assess whether he was diligently pursuing his rights and whether extraordinary circumstances stood in his way. Until Petitioner submits his traverse and establishes a factual basis for equitable tolling during the relevant periods of time, any requests for counsel, discovery, or an evidentiary hearing are premature.

The Court will provide Petitioner with an opportunity to submit a traverse to

Respondents' Answer within 60 days of the date of this Order.  If Petitioner submits his traverse and the Court is unable to resolve the issue of equitable tolling (or the merits) on the papers, the Court will sua sponte appoint counsel and/or direct Respondents to provide any necessary discovery.

**IT IS THEREFORE**, on this 30th day of July 2020,

**ORDERED** that Petitioner's motion for an evidentiary hearing and appointment of counsel (ECF No. 18) is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Petitioner may file a traverse within 60 days of the date of this Order; and it is further

**ORDERED** that failure to file the traverse or seek an extension of time may result in the dismissal of the Petition as untimely; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum Opinion & Order to Petitioner at the address on file.

                                                  s/Madeline Cox Arleo  
                                                  Madeline Cox Arleo, U.S.D.J.